IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| SPRING STREET PARTNERS - IV, L.P. § | |
| § | |
| VS. § | CIVIL ACTION NO. H-08-107 |
| § | |
| DOUGLAS K. LAM AND DKL&DTL § | |
| FAMILY MANAGEMENT, L.L.C. § | |

## OPINION AND ORDER

Before the Court, by referral from the Honorable Samuel B. Kent, United States District Judge, is "Plaintiff's Expedited Motion to Refer Civil Action to United States Bankruptcy Court." The Motion is opposed by the Defendants. Having carefully considered the Parties' submissions and arguments the Court now issues this Opinion and Order[1] with apologies to the Parties for delays caused by Hurricane Ike, the four-month closure of the Galveston Courthouse and this Court's Brownsville duties.

The facts relevant to the disposition of Spring Street's Motion can be briefly stated. Spring Street is the current holder of a Promissory Note in the amount of $8 million dollars executed by Bayou City Fish Company (BCF) on August 15, 2004, and personally guaranteed by Defendant Douglas K. Lam. On January 8, 2008, Spring Street commenced this collection action against Lam and another Defendant; BCF was not sued. Lam filed counter-claims against Spring Street alleging that the previous holders of the Note engaged in various fraudulent and predatory lending

---

[1] This Court is of the opinion that it has the authority to determine this motion because a referral to a Bankruptcy Court is a non-dispositive matter. See Searcy v. Knostman, 155 B.R. 699, 702, S. Miss. (1993) (Motion to transfer case to Bankruptcy Court for another District and State held non-dispositive.)

practices which caused BCF to fail.  On August 28, 2008, Spring Street moved to amend its complaint in an effort to add two new Defendants it accuses of being alter-egos of BCF and/or the recipients of fraudulent transfers from BCF and, consequently, liable for BCF's debt obligations.  Two days later, on August 30, 2008, BCF filed for bankruptcy protection under Chapter 7.  On September 3, 2008, Spring Street filed its Notice of Appearance as a secured creditor in the bankruptcy action.  Then, on September 12, 2008, Spring Street filed the instant Motion to refer this action to the Bankruptcy Court because the original and proposed claims "relate to" BCF's bankruptcy action.  In opposition to the Motion, Lam asserts that the underlying facts of this case will not support "related to" jurisdiction.

Under Fifth Circuit juris prudence, a proceeding is "related to" a bankruptcy "if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."  In re Canion, 196 F.3d 579, 585 (5th Cir. 1989) (quoting In re Walker, 51 F.3d 562, 569 (5th Cir. 1995)     Spring Street is both the Plaintiff in this case and a creditor in BCF's bankruptcy action.  It seems evident that if Spring Street is successful in the instant action and recovers from Lam, thereby satisfying its bankruptcy claim in whole or in part, it could result in more money being paid to the other creditors.  Cf.  Hunnicutt Co., Inc. v. TJX Cos., Inc., (In re Ames Dep't Stores, Inc.), 190 BR 157, 160 (S.D. N.Y. 1995) (Finding claims against guarantor "related to" bankruptcy case "where outcome of dispute has the potential to alter the distribution of the debtor's estate to creditors.")  See also In re Spillman Development Group, Ltd., 2008 WL 417814 (Bkrtcy W.D. Tex.) (If creditor is successful in collecting from guarantor, it will result in more money being paid to other creditors since creditors "claim would of necessity end up being less than it currently is.")    Moreover, if, as this Court suspects, Spring Street is allowed

2

to amend its complaint the potential effect on the bankruptcy action is clear: the Bankruptcy Estate may be enlarged. See In re Seatco, Inc., 257 BR 469, 476 (N.D. Tex, Dallas 2001); see also Apex Investment Assoc., Inc. v. TJX Companies, Inc., 121 BR 522, 525 (N.S. Ill. 1990) ("Several courts have held that bankruptcy jurisdiction encompasses civil actions between a creditor and a non-debtor guarantor of the debtor's obligations.")

For the foregoing reasons it is **ORDERED** that Spring Street's "Motion to Refer this Civil Action to the United States Bankruptcy Court" (Instrument no. 21) is **GRANTED** and this action is, therefore, **REFERRED** to the Honorable Marvin J. Isgur, the presiding judge in In re Bayou Fish Company, cause No. 08-350703 in the Houston Division of the Southern District of Texas for all further pretrial proceedings.

Having determined that referral to Judge Isgur is appropriate, the Court **DECLINES** to consider Spring Street's Motion to Amend its Complaint (Instrument no. 17) and Motion to Compel (Instrument no. 18); those matters are best left for Judge Isgur's consideration.

All settings in this cause including the Trial date of March 30, 2009, before the District Court, are hereby **VACATED**.

**DONE** at Brownsville, Texas, this _____27th_____ day of January, 2009.

John R. Froeschner
United States Magistrate Judge