| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

Spring Street Partners - IV, LP,       §
                                        §
            Plaintiff,                  §
                                        §
versus                                  §         Civil Action H-08-107
                                        §
Douglas K. Lam, et al.,                 §
                                        §
            Defendants.                 §

## Opinion on Partial Summary Judgment

Bayou City Fish Company distributes frozen fish to wholesalers and retailers. It borrowed money from South Trust Bank. Douglas K. Lam unconditionally guaranteed notes. Wachovia Bank, NA, bought South Trust and called the notes. Wachovia then assigned the Bayou City notes to Spring Street Partners - IV, LP, in December of 2006. Bayou City did not pay, and Spring Street has sought payment from Lam among others.

Lam has counterclaimed by dressing the facts with a number of different legal theories, including violations of the Deceptive Trade Practices Act, negligent misrepresentation, fraud, fraudulent inducement, and breach of fiduciary duty.

First, Lam cannot assert these counterclaims because they are personal to Bayou City. Bayou City has already released these claims against Wachovia.

Second, Lam's evidence of any wrongdoing by the banks is based on inadmissible hearsay. Lam says that he relied on the advice of the loan officer who administered the Bayou City loans with South Trust, the original holder. Lam said that this loan officer increased his line of credit to the point where the debt was 75% of the value of the inventory. He said that when Wachovia bought the notes, its agent said that the debt ratio was too high and it would call them.

Even taking Lam's uncorroborated assertions as true, they do not show a misrepresentation. The bank lent Bayou City the money that it asked from the bank. If a credit card company increased the limit on Lam's credit card from $10,000 to $20,000, and Lam spent $20,000, he still has to pay the credit card company back.

Lam says that the loan officer said that he could pay back the loans by taking more loans later. Just because the bank increased Bayou City's line of credit does not oblige it or its successors to lend more money again. Even if she said this, the notes embody the deal, not chitchat with a loan officer. The notes contain merger clauses to that effect.

The notes were negotiable; they could be sold and called. Without a misrepresentation, there can be no negligent misrepresentation, fraud, or fraud in the inducement.

Third, Lam is not a consumer under the DTPA. A line of credit to finance a business is not a good or service. See *First Interstate Bank of Bedford v. Bland*, 810 S.W.2d 277, 289 (Tex. App.–Ft. Worth, 1991, no writ); *see also Cushman v. G. C. Servs., LP*, 657 F. Supp. 2d 834, 844 (S.D. Tex. 2009).

Last, there is no fiduciary relationship between a lender and a borrower or guarantor. The relationship between a bank and a lender is adversarial – related but divergent interests are negotiated to a set of reciprocal obligations. A deal is not an adoption or a partnership. The bank did not control or influence Bayou City's business. It lent Bayou City money so it could make money, whether Bayou City prospered or not.

Douglas K. Lam will take nothing on his counterclaims against Spring Street - IV, LP.

Signed on June 4, 2010, at Houston, Texas.

Lynn N. Hughes
United States District Judge