UNITED STATES DISTRICT COURT	SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Spring Street Partners, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-08-107 |
| Douglas Lam, et al., | § § § | |
| Defendants. | § | |

## Opinion on Final Judgment

1.  Introduction.

The story of Bayou City Fish Company, Inc., and its assets involves a large cast. The people are:

   A. Douglas Lam;
   B. Ten Lam, Douglas's sister;
   C. Vinh Ngo, Ten's husband;
   D. En Kha Lam, Douglas's brother;
   E. Long Lam, Douglas's brother; and
   F. Diane Lam, Douglas's wife.

The companies are:

   A. Bayou City Fish Company, Inc., formed by Douglas in 1994;
   B. Wells Star Group, Inc., formed by Douglas in 2001;
   C. LT Seafood Management, LLC, formed by Ten in 2005;
   D. LT Seafood, LP, formed by Douglas and Ten in 2005 with Douglas owning 49%, Ten owning 50%, and LT Seafood Management LLC owning 1%;

    E. DKL & DTL Family Management, LLC, formed by Douglas, Diane, En Kha, and Long in 2006 with each owning 25%; and

    F. JNT Group, LLC, formed by Douglas in 2007.

Bayou borrowed $8.5 million from Wachovia in 2005. Wachovia sold the debt to Spring Street Partners. Bayou defaulted, petitioned for bankruptcy, and had transferred assets to other businesses without consideration.

2.    *The Lam Entities.*

Douglas or his family owned the businesses in the transfers. Douglas directed the transfers, beginning with moving Bayou's retail operations to Seafood. No record of consideration exists.

Wachovia lent Bayou $8.5 million. Wells leased the building at 415 East Hamilton to Seafood. Bayou moved all of its retail operations and assets, worth $150,000, to Seafood. No evidence of consideration exists for this transfer.

Douglas created Family ten days after Wachovia had notified Bayou that it was accelerating the loan. Douglas conveyed his 49% interest in Seafood to Family. No consideration existed for this transfer. Douglas guaranteed the note Bayou issued to Spring Street. When Bayou defaulted, it petitioned for bankruptcy.

In 2007, Douglas formed JNT, and then Family conveyed its 49% interest in Seafood to Vinh. JNT bought 415 East Hamilton from Wells, and Gold Bank lent JNT $1.25 million.

The evidence of payment shows no exchange of consideration for the transfers of ownership and assets, except when actual unrelated parties are involved. Checks show consideration for current purchases of inventory that were made in the ordinary course of fish mongering. The checks paid for fish, not furniture. The evidence shows amounts that may equal something, but they are not linked in time. Seafood said it bough trucks from Bayou. The evidence only confirms that Seafood bought trucks from Hayes Truck Group and that someone wrecked one truck.

3.   *Conclusion.*

A person who mixes his property with that of another must separate his property with precision or have the doubt resolved against him.[1] Douglas Lam and his relatives could account for nothing.

Signed on February 29, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] Joseph Story, Commentaries on the Law of Bailments 28-30 (2d ed. 1840); Ray Andrews Brown, The Law of Personal Property 67-69 (Walter B. Rauschenbush ed., 3d ed. 1975).